IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CYHEIN JUBA BARNES, JR.,           :
        Plaintiff          : No. 1:10-CV-1684
                           :
        v.                 : (JUDGE CONNER)
                           : (MAGISTRATE JUDGE PRINCE)
CITY OF YORK, ET AL.,              :
        Defendants          :

## REPORT AND RECOMMENDATION

### I. Procedural Background

Pursuant to an Order entered on March 4, 2011 (Doc. 39), the Honorable Christopher C. Conner referred the Defendants' pending motion to dismiss to the undersigned for the purpose of preparing a Report and Recommendation.

Plaintiff initiated this action by filing a complaint on August 11, 2010 (Doc. 1) and he thereafter filed an amended complaint on December 8, 2010. (Doc. 26).  The amended complaint, brought pursuant to, *inter alia*, 42 U.S.C. §1983, alleges constitutional and state law claims arising from an alleged assault of Plaintiff by members of the York County Drug Task Force ("YCDTF") and Pennsylvania State Police ("PSP") on August 12, 2008.  Named as Defendants are the County of York, Pennsylvania; H. Stanley Rebert, Esquire, the former district attorney for York County; the York County Drug Task Force; the Pennsylvania

State Police; Frank E. Pawlowski and Jeffrey B. Miller, the commissioner and former commissioner, respectively, of the Pennsylvania State Police; Pennsylvania State Troopers Shawn A. Wolfe and Christopher C. Keppel; York City Police Detective Bart Seelig; and Agent Nawrocki, a law enforcement officer whose affiliation is unknown to Plaintiff.[1]

On January 10, 2011, Defendants Rebert and York County filed a motion to dismiss (Doc. 33) and a supporting brief.  (Doc. 34).  Plaintiff filed a brief in opposition to the motion on January 24, 2011 (Doc. 35).  The matter is now ripe for disposition.  For the reasons that follow, it will be recommended that the Defendants' motion to dismiss be denied.

## II. Factual Background

According to the allegations of the amended complaint, Plaintiff was the target of an undercover drug buy on August 12, 2008 in York County, Pennsylvania.  He asserts he was assaulted by members of the YCDTF and Pennsylvania State Police while being taken into custody.  As a result of the

---

[1] By Stipulation of the parties and by Order dated January 7, 2011 (Doc. 32), the claims against the Pennsylvania state Police and YCDTF were dismissed, as well as claims brought pursuant to the Eighth and Fourteenth Amendments as well as the Pennsylvania Constitution and state tort law.  Defendants Miller and Pawlowski were dismissed as parties and Detective Scott Nazdom was added as a Defendant.  Claims against Defendants Nazdom, Keppel, Wolfe, Nawrocki and Seelig in their official capacities were dismissed.  (Doc. 32).

alleged assault, he maintains that he suffered a head injury as well as contusions and lacerations.  At the time of the alleged assault, the Commonwealth of Pennsylvania had an Agreement with the York County District Attorney, Defendant Rebert, to control and supervise the municipal drug task force.  (*See* Doc. 26, Ex. A).  The Agreement also incorporates a Memorandum of Understanding, which provides that the task force members remain employees of the department by whom they are regularly employed.  (Id.)

## III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted.  *See* FED. R. CIV. P.  12(b)(6).  When deciding a motion to dismiss for failure to state a claim, the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).  "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action."  Id.  The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations."

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). First, the court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 2009 U.S. App. LEXIS 12424, *4-5 (3d Cir. 2009) (*citing* Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must then determine whether the complaint states a plausible claim for relief, which is a "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557-58 (2007)).

The Third Circuit has outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. Fowler v. UPMC

4

<u>Shadyside</u>, 578 F.3d 203, 210 (3d Cir.2009). First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "'plausible claim for relief.'" <u>Id</u>. at 210 (quoting <u>Iqbal</u>, 129 S. Ct. at 1950). That is, a complaint must do more than allege the entitlement to relief, its facts must show such an entitlement. <u>Id</u>. at 211.

## IV. Discussion

The motion to dismiss raises three issues: (1) whether the claims against the moving Defendants are barred by the applicable statute of limitations; (2) whether Defendant Rebert is entitled to sovereign immunity under the Eleventh Amendment; and (3) whether the complaint states a cause of action for municipal liability against the Defendants for failure to train and/or supervise law enforcement officials.[2]  Each of these will be discussed *in seriatim*.

---

[2] Plaintiff has withdrawn other claims asserted in the complaint, *to wit.*, §1983 claim against the prison, constitutional claims, intentional tort claims, negligence, ethnic intimidation and §1985 liability. *See* Doc. 14, p. 1-2.

*(A) Statute of Limitations*[3]

The Third Circuit has held that a claim filed under section 1983 is subject to Pennsylvania's two-year statute of limitations applicable to personal injury actions. <u>Bougher v. Univ. of Pittsburgh</u>, 882 F.2d 74, 79 (3d Cir.1989); *see also* 42 Pa. Cons. Stat. Ann. § 5244.  Defendants first contend that the present action against them is time-barred, arguing that they were not added as parties until the amended complaint was filed on December 8, 2010.  Inasmuch as the facts giving rise to the complaint occurred on or about August 12, 2008, they argue that the claims asserted against them in the amended complaint fall outside of the two year statute of limitations.  Plaintiff maintains, however, that the claims against the moving Defendants relate back to the original complaint and therefore are timely under Rule 15.  He further asserts that the original complaint named the YCDTF as a Defendant and, therefore, the moving Defendants had notice of the allegations at

---

[3] Although Rule 12(b) does not explicitly permit the assertion of a statute of limitations defense by a motion to dismiss, the so-called "Third Circuit Rule" "permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" <u>Robinson v. Johnson</u>, 313 F.3d 128, 135 (3d Cir. 2002) (quoting <u>Hanna v. U.S. Veterans' Admin. Hosp.</u>, 514 F.2d 1092, 1094 (3d Cir. 1974)).

6

that time.[4]

Rule 15(c) of the Federal Rules of Civil Procedure, which governs the

amendment of pleadings, provides:

(c) Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15.  Thus, Rule 15(c) imposes three conditions, all of which must be

---

[4] The caption of the original complaint lists YCDTF as a Defendant, which is averred to be an agent of the City of York and the York City Police Department. (Doc. 1, ¶ 4).  However, none of the eleven counts in the original complaint references a cause of action asserted against the YCDFT.

met in order to allow relation back of an amended complaint. <u>Singletary v.</u>

<u>Pennsylvania Dep't of Corr.</u>, 266 F.3d 186, 194 (3d Cir.2001).  First, the

amendment must assert a claim or defense that arose out of the conduct set out in

the original pleading. Fed.R.Civ.P. 15(c)(1)(C).  Second, within 120 days of the

filing of the original complaint, the newly named defendant must have received

such notice of the action that he will not be prejudiced in defending on the merits.

<u>Id.</u>  The notice requirement may be satisfied with proof of actual or constructive

notice.  <u>Singletary</u>, 266 F.3d at 195-96.  Third, within 120 days of the filing of the

original complaint, the newly named defendant must have known or should have

known that the action would have been brought against him but for a mistake

concerning the proper party's identity.  Fed.R.Civ.P. 15(c)(1)(C).  The burden of

proving each of the three conditions rests on the plaintiff. <u>Garvin v. City of</u>

<u>Philadelphia</u>, 354 F.3d 215, 222 (3d Cir. 2003).

　　　　Plaintiff maintains that he meets the requirements of Rule 15(c) inasmuch as

the allegations against York County and Rebert arise out of the same conduct,

transaction or occurrence set out in the original complaint.  Moreover, because the

amended complaint was filed within 120 of the original action, York County and

Rebert had timely notice of the action under Rule 15.  It is also arguable that, at

the time the original action was filed, the moving Defendants knew or should have

8

known an action may be brought against them through the involvement of the YCDTF, which was mistakenly alleged to be affiliated with the City of York and its Police Department.  (*See* Doc. 1, ¶ 4).  Consequently, Plaintiff has met the requirements of Rule 15, and the addition of York County and Rebert as Defendants to this action via the amended complaint relates back to the original complaint.  The motion to dismiss should, therefore, be denied on this issue.

*(B) Eleventh Amendment*

Defendants next assert that the claims against Rebert are barred by the Eleventh Amendment because, as district attorney supervising the YCDTF, he acts in place of the Attorney General and thus enjoys the same immunity.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.  The Eleventh Amendment precludes private federal litigation against a state and its agencies.  Hans v. Louisiana, 134 U.S. 1, 15-16 (1890); *see also* Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000); Lombardo v. Pennsylvania, 540 F.3d 190, 194-95 (3d Cir. 2008).  Generally, Eleventh Amendment immunity also extends to state officials sued in their official

capacity because in such a case the state is the real party in interest. <u>Melo v. Hafer</u>, 912 F.2d 628, 635 (3d Cir.1990).[5]  Only two exceptions apply where an individual may sue a state. First, Congress may authorize such a suit to enforce the Fourteenth Amendment. <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445 (1976). Second, a state may waive its sovereign immunity by consenting to suit. <u>Clark v. Barnard</u>, 108 U.S. 436, 447-48 (1883).  Neither situation is present in the instant matter.

The Pennsylvania Constitution defines district attorneys as county officers. PA. CONST. ART IX, § 4; *see also* <u>Chalfin v. Specter</u>, 426 Pa. 464, 233 A.2d 562, 565 (Pa.1967) ("The aforesaid language of the Constitution of Pennsylvania is, we repeat, crystal clear. It states in the clearest imaginable language that District Attorneys are County-not State-officers...").  However, there is also evidence demonstrating that district attorneys are state officials. The historical foundation for the office of district attorney as a replacement for state deputy attorneys' general leans in favor of district attorneys as state officers. <u>Williams v. Fedor</u>, 69 F. Supp. 649, 660 (M.D. Pa.1999) (Vanaskie, J.) *aff'd*, 211 F.3d 1263 tbl. (3d Cir.2000). Similarly, the relationship between the state's chief law enforcement

---

[5]  However, suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law are permitted.  <u>Ex parte Young</u>, 209 U.S. 123 (1908); <u>Balgowan v. State of New Jersey</u>, 115 F.3d 214, 217 (3d Cir. 1997).

officer, the Attorney General, and prosecutors when enforcing Pennsylvania statutes also leans in favor of prosecutors as state officials. <u>Commonwealth v. Bauer</u>, 437 Pa. 37, 261 A.2d 573, 575 (Pa.1970).  In the context of Eleventh Amendment immunity, the United States Court of Appeals for the Third Circuit, in <u>Carter v. City of Philadelphia</u>, 181 F.3d 339, 352-53 (3d Cir.1999), described how Pennsylvania prosecutors can have "a dual or hybrid status" sometimes as a state officer, and sometimes as a county officer:

> When "enforcing their sworn duties to enforce the law ... they act as agents of the State [but] when county prosecutors are called upon to perform administrative tasks unrelated to their strictly prosecutorial functions ... the county prosecutor in effect acts on behalf of the county that is the situs of his or her office." Absent direct intervention by the state, county prosecutors act as county officials when they are called upon to make administrative decisions on a local level.

<u>Carter</u>, 181 F.3d at 353 (quoting <u>Coleman v. Kaye</u>, 87 F.3d 1491, 1499 (3d Cir.1996)).

The status of the district attorney as a state or county official hinges on whether the actions alleged were prosecutorial or administrative in nature. Examining the particular job functions of a district attorney, a district attorney's actions in prosecuting a criminal case are a function of the state for purposes of municipal liability. *See, e.g.* <u>Williams</u>, 69 F. Supp. at 663.  In <u>Carter</u>, the court determined, while considering a claim of sovereign immunity under the Eleventh

11

Amendment, that a district attorney acted as a county official in supervising

municipal police officials, and training assistant district attorneys to do the same.

Carter, 181 F.3d at 383. *But see* Wallace v. Powell, No. 3:09-CV-286, 2010 WL

785253, *5 (M.D. Pa. Mar. 1, 2010) (finding that when training subordinates to

make direct prosecutorial decisions in the courtroom, as when making such

decisions himself, a district attorney is a policymaker for the Commonwealth).

The court found the district attorney was a municipal actor where they supervised

municipal officials and instructed others to do the same.  Id.  "The recurring theme

that emerges from these cases is that county or municipal law enforcement

officials may be State officials when they prosecute crimes or otherwise carry out

policies established by the State[.]" Carter, *supra* at 352.

   In the present matter, Defendant Rebert entered into an Agreement and a

Memorandum of understanding ("MOU") with the Commonwealth of

Pennsylvania that he would act in a supervisory role for the YCDTF on behalf of

the Attorney General.  Although Defendants cite the district attorney's agency role

for the Attorney General in this function to support a claim of sovereign immunity

derived therefrom, as noted by Plaintiff, the explicit language of the of the

Agreement also states that "no municipal employees are deemed to be employees

of the Commonwealth" and that they are considered "independent contractors."

Indeed, the agreement clearly spells out that "the parties wish to establish the administrative framework for carrying out their activities under the program[.]" Given the case law suggesting that sovereign immunity for district attorneys is limited to the prosecutorial functions, the supervision and control of a municipal task force appears to fall under the administrative, not prosecutorial, duties of the district attorney. *See* Bergdoll v. City of York, No. 1:08-CV-1879, 2009 WL 3698023, *5 (M.D. Pa. Nov. 3, 2009) (finding, in motion to dismiss context, that district attorney was a county policymaker with regard to the function of advising police on complaints of police misconduct and the function of guiding training on the same); Giuffre v. Bissell, 31 F.3d 1241, 1253 (3d Cir. 1994) (holding that a prosecutor does not enjoy absolute immunity for giving advice to police during an investigation leading up to a criminal proceeding).  The motion to dismiss should, accordingly, be denied on this issue.

### (C) Failure to Train and/or Supervise

Plaintiff asserts that former York County District Attorney Rebert failed to properly supervise and/or train members of the drug task force by *inter alia*, failing to properly train, test and select task force members; failing to counsel task force members on the appropriate use of force; and failing to have clear, concise and appropriate directives on the use of force.  "A public entity . . . may be held

liable for the violation of a constitutional right under 42 U.S.C. § 1983 only when

the alleged unconstitutional action executes or implements policy or a decision

officially adopted or promulgated by those whose acts may fairly be said to

represent official policy." <u>Reitz v. Bucks County</u>, 125 F.3d 139, 144 (3d Cir.

1997) (citing <u>Monell v. New York City Dep't of Social Svcs</u>., 436 U.S. 658,

690-91 (1978)).  "A policy is an official proclamation or edict of a municipality,

while a custom is a practice that is 'so permanent and well-settled as to virtually

constitute law.'" <u>Crouse v. South Lebanon Twp.</u>, 668 F. Supp. 2d 664, 675 (M.D.

Pa. 2009) (Conner, J.) (quoting <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 971 (3d

Cir. 1996) (quoting, in turn, <u>Andrews v. City of Phila.</u>, 895 F.2d 1469, 1480 (3d

Cir. 1990) (citations omitted)).  However, "[a] custom need not be 'formally

approved by an appropriate decision-maker,' but must be 'so widespread as to

have the force of law.'" <u>Id.</u> at 675-76 (quoting <u>Natale v. Camden County Corr.</u>

<u>Facility</u>, 318 F.3d 575, 584 (3d Cir. 2003) (quoting, in turn, <u>Board of County</u>

<u>Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 404 (1997)).

    Thus, to establish a <u>Monell</u> claim against the Defendants under §1983,

Plaintiff must show "(1) the existence of a custom or policy of the municipality

and (2) that the municipality's employees violated the plaintiff's civil rights while

acting pursuant to this custom or policy." <u>Winslow v. The Borough of Malvern</u>

14

Pennsylvania, 2009 WL 4609590, at *6 (E.D. Pa. Dec. 7, 2009) (citing Monell, supra.) A municipality's failure to adequately train its officers and employees gives rise to a cause of action under §1983 if the deficient training reflects a deliberate indifference to an individual's civil rights and is "closely related to the ultimate injury." Kline ex rel Arndt v. Mansfield, 255 F. App'x. 624, 629 (3d Cir. 2007) (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)).

The Third Circuit has noted that establishing municipal liability on a Monell claim for inadequate training is difficult. Reitz, supra at 145. Generally, deficient training can only amount to the requisite deliberate indifference "where the failure to train has caused a pattern of violations." Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir.2000). An exception exists, however, and a "failure to train" claim under Monell may proceed absent a pattern of violations where (1) "a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools [or skills] to handle recurrent situations," and (2) the likelihood of recurrence and predictability of the violation of a citizen's rights "could justify a finding that [the] policymakers' decision not to train an officer reflected 'deliberate indifference' to the obvious consequence of the policymakers' choice-namely, a violation of a specific constitutional or statutory right." Kline, 255 F. App'x. at 629 (quoting Brown, 520 U.S. at 409).

15

### 1. *District Attorney Rebert*

Moving Defendants challenge the sufficiency of the complaint by asserting that Plaintiff has failed to allege the requisite personal involvement of Defendant Rebert in the alleged actions giving rise to the amended complaint. They theorize that Plaintiff's claims may not be premised on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Absent direct involvement, however, a plaintiff can hold a supervisor liable for failure to train or supervise if the supervisor has shown deliberate indifference to the plight of the person involved. Carter, 181 F.3d at 357; Pair v. Danberg, No. 08-458, 2008 WL 4570537, *2 (D. Del. Oct.14, 2008). Deliberate indifference is more than a mere lack of ordinary due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm. Farmer v. Brennan,

511 U.S. 825, 834 (1994).  To constitute deliberate indifference as defined in

<u>Farmer</u>, "the official must both be aware of facts from which the inference could

be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." <u>Farmer</u>, 511 U.S. at 837.  Indeed, "[t]he deliberate indifference

standard set out in <u>Farmer</u> is a high one[.]" <u>Beers-Capitol v. Whetzel</u>, 256 F.3d,

120 137 (3d Cir. 2001).  To maintain a failure to supervise claim, a plaintiff must

"(1) identify with particularity what the supervisory official failed to do that

demonstrates his deliberate indifference, and (2) demonstrate a close causal

relationship between the identified deficiency and the ultimate injury." <u>Kis v.</u>

<u>County of Schuylkill</u>, 866 F. Supp. 1462, 1474 (E.D. Pa.1994) (citing <u>Sample v.</u>

<u>Diecks</u>, 885 F.2d 1099, 1118 (3d Cir.1989)).

    Defendants assert that the Plaintiff has failed to state a claim against Rebert

under a failure to train/supervise theory because he played no active role in the

alleged assault of Plaintiff.  However, the amended complaint avers, *inter alia*,

that the moving Defendants failed to properly train, test and select task force

members; failed to counsel task force members on the appropriate use of force;

and failed to have clear, concise and appropriate directives on the use of force.

Such alleged omissions and errors are argued to have resulted in the alleged

assault of Plaintiff and the violation of his constitutional rights.  The amended

complaint further avers that the moving Defendant knew or should have know of

these alleged deficiencies in the training and/or supervision of drug task force

members and that such injuries alleged by Plaintiff were a foreseeable

consequence of the inadequate training and/or supervision.  It appears clear that

there is a substantial risk of harm that may befall individuals when law

enforcement officers are not properly trained or supervised in the appropriate use

of force.  Based on the averments of the amended complaint, Plaintiff has stated a

claim against the Rebert for failure to train or supervise.  Consequently, it is

recommended that the motion to dismiss be denied on this issue.

   *2. York County*

   Defendants also challenge a cause of action against York County inasmuch

as it was a party to neither the Agreement nor the MOU.  This is not, however,

determinative of its liability.  A municipality may be held liable "when execution

of a government's policy or custom, whether made by its lawmakers or by those

whose edicts or acts may fairly be said to represent official policy, inflicts the

injury that the government as an entity is responsible under § 1983." Monell, 436

U.S. at 694.

   At the pleading stage in a § 1983 claim against a municipality, a plaintiff is

required to plead the existence of a policy or custom of the municipality that was a

basis of the injury alleged. <u>Brozusky v. Hanover Twp.</u>, 222 F. Supp.2 d 606, 610

(M.D. Pa.2002) (citing <u>Leftall v. Dallas Independent School District</u>, 28 F.3d 521,

525 (5th Cir.1994)).  This custom must be "so widespread as to have the force of

law." <u>Bd. of County Comm'rs of Bryan County v. Brown</u>, 520 U.S. 397, 404

(1997).  The plaintiff must further "allege that a 'policy or custom' of [the

defendants] was the 'moving force' behind the [constitutional] violation." <u>Grayson</u>

<u>v. Mayview State Hosp.</u>, 293 F.3d 103, 107 (3d Cir. 2002) (citing <u>Brown</u>, *supra*).

A municipality can be held liable on the basis of failure to train when "'that failure

amounts to 'deliberate indifference ... [of the constitutional] rights of persons....'"

<u>Woloszyn v. County of Lawrence</u>, 396 F.3d 314, 324 (3d Cir. 2005) (citations

omitted). There must also be a causal nexus, which requires a plaintiff to show that

a municipal custom or policy was the proximate cause of the constitutional injury

sustained.  <u>C.N. v. Ridgewood Bd. of Educ.</u>, 430 F.3d 159, 173 (3d Cir.2005);

<u>Andrews v. City of Phila</u>., 895 F.2d 1469, 1480 (3d Cir.1990).

       The amended complaint alleges the failure to properly train and/or supervise

task force members in the appropriate use of force has resulted in a custom or

practice in which law enforcement officers routinely violate the constitutional

rights of those taken into custody.  Moreover, Plaintiff has averred that he suffered

injuries as a direct result of this omissions in training and/or supervision.  For

purposes of a motion to dismiss, these allegations satisfy the pleading requirements.  Consequently, it is recommended that the motion to dismiss be denied on this issue.

**V. Recommendation**

Based on the foregoing, it is respectfully recommended that Defendants' Motion to Dismiss (Doc. 33) be denied.

Date: March 24, 2011                                    s/ William T. Prince
                                                        William T. Prince
                                                        United States Magistrate Judge