**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Cyhien Juba Barnes, Jr. | : | No: 1:10-CV-1684 |
| Plaintiff | : | |
| | : | Judge Christopher C. Conner |
| V. | : | |
| | : | |
| County of York and H. Stanley Rebert et al | : | |
| Defendants | : | (Electronically Filed) |

**ANSWER OF DEFENDANTS COUNTY OF YORK AND H. STANLEY REBERT TO THE AMENDED COMPLAINT**

Defendants County of York and H. Stanley Rebert ("the County Defendants") submit the following answer to the complaint:

1.      Denied.  After a reasonably diligent investigation, the County Defendants lack sufficient information to form a belief about the truth of this averment.  The paragraph is, therefore, denied.

2.      Admitted.

3.      Admitted & Denied.  Admitted that Rebert is a former District Attorney (DA) for the County of York.  Denied that Rebert is an officer, agent or employee of the County or the York County Drug Task Force.

4.      Denied.  By way of further answer, the York County Drug Task Force is a creation of the Pennsylvania Office of Attorney General with support from various law enforcement agencies. See 42 Pa. C.S. §8953(a)(3)(d).

5.      Denied.  It is specifically denied that Scott Nadzom is a party to this action.

6.      Admitted in Part; Denied in Part.  It is admitted that Bart Seelig is a police officer employed by the City of York.  The remainder of this paragraph contains legal conclusions to

which no response is required.  To the extent that the remainder of this paragraph is deemed to contain factual averments, the factual averments are denied.

7.     No answer.  This paragraph contains no factual allegations against the County Defendants, and no response is required.

8.     Admitted.

9.     Admitted.

10.    Admitted.

11.    Admitted.

12.    Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

13.    Admitted.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

14.    Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.  By way of further response, the YCDTF is a creation of the Commonwealth of Pennsylvania.

15.    Admitted. This paragraph contains no factual allegations against the County Defendants, and no response is required.

16.    Denied.  The County has no duties since it is not a signatory to the agreements attached to the Amended Complaint.  Furthermore, the duties of the DA are set forth in Exhibit "A".

17.     Denied.  This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

18.     Denied.  This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

19.     Denied.  This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

20.     Denied.  This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

21.     Denied.  This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

22.     Denied.  This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

23.     Denied as stated.

24.     Admitted in Part; Denied in Part;  It is admitted that defendants Wolfe, Seelig and Nawrocki were present during certain events involving the plaintiff on August 12, 2008.  The context and language of this paragraph are, however, too vague to determine the allegation being made by plaintiff.  Any allegations contained in this paragraph are, therefore, denied.

25.     Denied. County Defendants were not present during the incident at issue and, as a result, are without knowledge or information sufficient to form a belief as to the truth of said averment.

26.     Denied. County Defendants were not present during the incident at issue and, as a result, are without knowledge or information sufficient to form a belief as to the truth of said averment.

27.     Admitted in Part; Denied in Part. County Defendants were not present during the incident at issue and, as a result, are without knowledge or information sufficient to form a belief as to the truth of said averment.

28.     Denied. County Defendants were not present during the incident at issue and, as a result, are without knowledge or information sufficient to form a belief as to the truth of said averment.

29.     Denied. County Defendants were not present during the incident at issue and, as a result, are without knowledge or information sufficient to form a belief as to the truth of said averment.

30.     Denied. County Defendants were not present during the incident at issue and, as a result, are without knowledge or information sufficient to form a belief as to the truth of said averment.

31.     Denied. County Defendants were not present during the incident at issue and, as a result, are without knowledge or information sufficient to form a belief as to the truth of said averment.

32.     Denied. County Defendants were not present during the incident at issue and, as a result, are without knowledge or information sufficient to form a belief as to the truth of said

averment.

33.    Denied.  This paragraph contains legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain factual averments, such factual averments are denied.

34.    Denied.  This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

35.    Denied.  This paragraph contains legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain factual averments, such factual averments are denied.

36.    The responses to paragraphs 1 through 35 are incorporated herein by reference.

37.    Denied.  This paragraph contains legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain factual averments, such factual averments are denied.

38.    Denied.  This paragraph contains legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain factual averments, such factual averments are denied.

39.    Denied.  This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

40.    Denied.  This paragraph contains legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain factual averments, such factual averments are denied.

41.     The responses to paragraphs 1 through 40 are incorporated herein by reference.

42.     This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

43.     Denied.   This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

44.     Denied.   This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

45.     Denied.   This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.  By way of further response, there is no custom or policy of the YCDTF, Rebert or the County to employ excessive force.

46.     Denied.   This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.  By way of further response, there is no custom or policy of the YCDTF, Rebert or the County to employ excessive force.

47.     Denied.   This paragraph contains a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.  By way of further response, there is no custom or policy of the YCDTF, Rebert or the County to employ excessive force.

48.     The responses to paragraphs 1 through 47 are incorporated herein by reference.

49.     Denied.   This paragraph contains legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain factual averments, such factual averments are denied.

50.     Denied.   This paragraph contains legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain factual averments, such factual averments are denied.

51.     Denied.   This paragraph contains legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain factual averments, such factual averments are denied.

52.     Denied.   This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.  By way of further response, there is no custom or policy of the YCDTF, Rebert or the County to employ excessive force.

53.     Denied.   This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.  By way of further response, there is no custom or policy of the YCDTF, Rebert or the County to employ excessive force.

54.     Denied.   This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.  By way of further response, there is no custom or policy of the YCDTF, Rebert or the County to employ excessive force.

55.     The responses to paragraphs 1 through 54 are incorporated herein by reference.

56.     Denied.   This paragraph contains a legal conclusion to which no response is

required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

57.     Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

58.     Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

59.     The responses to paragraphs 1 through 58 are incorporated herein by reference.

60.     Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.  By way of further response, the County is not a signatory to the Agreements and has no liability to Plaintiff.  Furthermore, Rebert and YCDTF do not have a custom, policy or practice to use excessive force.  Furthermore, all of the officers involved in the arrest are hired, trained and supervised by their own law enforcement agency.

61.     Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.  By way of further response, the County is not a signatory to the Agreements and has no liability to Plaintiff.  Furthermore, Rebert and YCDTF do not have a custom, policy or practice to use excessive force.  Furthermore, all of the officers involved in the arrest are hired, trained and supervised by their own law enforcement agency.

62.     Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual

averments are denied.   By way of further response, the County is not a signatory to the Agreements and has no liability to Plaintiff.   Furthermore, Rebert and YCDTF do not have a custom, policy or practice to use excessive force.   Furthermore, all of the officers involved in the arrest are hired, trained and supervised by their own law enforcement agency.

63.   The responses to paragraphs 1 through 62 are incorporated herein by reference.

64.   Denied.   This paragraph contains a legal conclusion to which no response is required.   To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

65.   The responses to paragraphs 1 through 64 are incorporated herein by reference.

66.   Denied.   On the contrary, the County is not a signatory to Exhibit "A".   As a result, the County has no liability to Plaintiff.   By way of further response, the responding Defendants aver as follows:

A.   All of the law enforcement officers participating in the event at issue were hired, trained and supervised by their individual law enforcement agencies.

B.   Responding Defendants were, as of the date of the incident, unaware of any of the individual defendant law enforcement of officer's alleged propensity to use excessive force.

C.   Responding Defendants have not condoned, pardoned or otherwise encouraged anything other than the appropriate use of legal force to effectuate an arrest.

67.   The responses to paragraphs 1 through 66 are incorporated herein by reference.

68.   Denied.   This paragraph contains a legal conclusion to which no response is required.   To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

69.    Denied.

70.    Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

71.    Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

72.    Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

73.    The responses to paragraphs 1 through 72 are incorporated herein by reference.

74.    Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

75.    Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

76.    Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

77.    Denied.  This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

78.     Denied.   This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

79.     The responses to paragraphs 1 through 78 are incorporated herein by reference.

80.     Denied.   This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

81.     Denied.

82.     Denied.   This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

83.     Denied.   This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

84.     Denied.   This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

85.     The responses to paragraphs 1 through 84 are incorporated herein by reference.

86.     Denied.   This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

87.     Denied.   This paragraph contains a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to contain factual averments, the factual

averments are denied.

88.   Denied.   This paragraph contains a legal conclusion to which no response is required.   To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

89.   Denied.   This paragraph contains a legal conclusion to which no response is required.   To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

90.   Denied.   This paragraph contains a legal conclusion to which no response is required.   To the extent that this paragraph is deemed to contain factual averments, the factual averments are denied.

## FIRST AFFIRMATIVE DEFENSE

The Eleventh Amendment bars the complaint against the County Defendants in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot establish a claim upon which relief may be granted under the Fourth Amendment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot establish a claim upon which relief may be granted under the Eighth Amendment.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a claim upon which relief may be granted under the Fourteenth Amendment.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the Pennsylvania Constitution and the common-law doctrines of assault and battery and intentional infliction of emotional distress are barred by sovereign immunity.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a claim "bystander liability" or "supervisory liability."

## SEVENTH AFFIRMATIVE DEFENSE

The County Defendants acted at all times with the good-faith belief that their conduct was lawful, and they are entitled to absolute or qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's demand for a specific amount of money in damages violates Middle District Local Rule 8.1.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

County of York is not a signatory to the documents that comprise Exhibit "A". As a result, Plaintiff does not have any claims against the County.

**WHEREFORE**, judgment should be entered in favor of the County of York and H. Stanley Rebert.

Date: _____ 4/8/2011 _____

_____
Michael W. Flannelly, Esquire
Solicitor for the County of York
I.D. No. 37013
28 East Market Street, 2nd Floor
York, PA 17401-1599
(717) 771-9306

13

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Cyhien Juba Barnes, Jr.          :    No: 1:10-CV-1684-CCC
         Plaintiff        :
                         :    Judge Christopher C. Conner
       V.               :
                         :
County of York and H. Stanley Rebert et al : 
         Defendants        :    (Electronically Filed)

## CERTIFICATE OF SERVICE

I, **Michael W. Flannelly**, Solicitor for the County of York, Pennsylvania, hereby certify

that I have served a copy of the **Defendants' County of York and H. Stanley Rebert's Answer**

**to Amended Complaint** to opposing counsel via electronic means this date.

Date: _____4/8/2011_____          _____

                                     Michael W. Flannelly, Esquire
                                     Solicitor for the County of York
                                     I.D. No. 37013
                                     28 East Market Street, 2nd Floor
                                     York, PA 17401-1599
                                     (717) 771-9306